## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MAHMOUD ALILI,

        **Plaintiff,**

                                        **Case No. 1:25-cv-875**

     **v.**

**JPMORGAN CHASE & CO., et al.,**         **JUDGE DOUGLAS R. COLE**
                                            **Magistrate Judge Bowman**

        **Defendants.**

### OPINION AND ORDER

Plaintiff Mahmoud Alili moves for default judgment against Defendant JPMorgan Chase Bank N.A. (Chase)[1] after obtaining an entry of default from the Clerk. (Appl. to Clerk for Entry of Default Against Defs., Doc. 5; Clerk's Entry of Default, Doc. 7; Mot. for Default J., Doc. 8). Chase, however, moves for leave to file an answer out of time and to set aside the default. (Am. Mot. to File Answer Instanter, Doc. 10; Mot. to Set Aside Entry of Default, Doc. 15).[2] For the reasons more fully explained below, the Court **GRANTS** the latter two motions and thus **DENIES** Alili's Motion for Default Judgment (Doc. 8).

---

[1] A separate JPMorgan entity—JPMorgan Chase & Co.—is the other named Defendant in this action. The Court opts to address that party's separate Motion to Dismiss (Doc. 12) in a forthcoming order. This Opinion & Order focuses solely on JPMorgan Chase Bank N.A.

[2] Chase filed a Motion to File an Answer Instanter (Doc. 9) and then filed an Amended Motion to File Answer Instanter (Doc. 10) later the same day. The Court addresses the latter motion, which is the operative one.

## BACKGROUND[3]

On a date that the Complaint does not specify, someone stole Alili's identity and used it to open a fraudulent credit card account. (Compl., Doc. 1, #1). Alili reported the theft to several entities including federal law enforcement, state law enforcement, consumer reporting agencies (CRAs), and Chase Bank. (*Id.* at #2). The Complaint does not say whether the thief opened the fraudulent credit card account with Chase or some other entity. But according to Alili, "Chase investigated and found no liability" on Alili's part, so it was presumably a Chase account. (*Id.*).

Alili later applied "for a legitimate credit card" with Chase in January 2025, which started with a $5,000 credit limit. (*Id.*). Alili alleges that he used the card "in a responsible manner" to pay for some $20,000 in transactions over the course of several months. (*See id.*). At some point, though, Defendants "closed and reopened the card due to a returned payment which was a result of further fraud involving the same individual responsible for the ongoing identity theft." (*Id.*). Alili, who had apparently been out of the country, appeared at a Chase branch "immediately" upon his return to the United States and "made the payment in cash to cover the previous payment," at which point Chase reopened the card. (*Id.*). But thereafter, while Alili was again out of the country in October 2025, Defendants "closed his card on the basis of the previously reported fraudulent opening." (*Id.*). And they allegedly "reported

---

[3] When considering a motion for default judgment, the court accepts as true all well-pleaded allegations except those relating to the amount of damages. *See Beaver v. Eastland Mall Holdings, LLC*, No. 2:20-cv-485, 2021 WL 1084610, at *2 (S.D. Ohio Mar. 22, 2021). So the Court's summary of the factual background rests on the allegations in Alili's Complaint (Doc. 1). However, the Court notes that these are just that—allegations.

this errant information" to CRAs. (*Id.*). Alili says that he has attempted to resolve the matter with the "recovery department," but was told that "there was no delinquent or fraudulent account." (*Id.*). When Alili spoke to "executive customer relations" in November 2025, they "stonewalled" him and "pointed to the previously investigated fraudulently opened account." (*Id.*).

Based on those allegations, Alili asserts claims under the Fair Credit Reporting Act, the Fair Credit Billing Act, the Civil Rights Act of 1964, and the Equal Credit Opportunity Act. (*See id.* at #1, 3). He seeks $50,000 in compensatory damages and $5,000,000 in punitive damages. (*Id.* at #3).

As noted, Chase missed the deadline to answer Alili's Complaint, so Alili applied for, and the Clerk entered, default against Chase. (Doc. 5; Doc. 7). In its Motion to Set Aside Default (Doc. 15), however, Chase explains its silence in response to Alili's Complaint. Alili initiated this case on December 1, 2025, (Doc. 1), and served Chase on December 6, 2025, (Doc. 4). That meant Chase had until December 29, 2025, to answer. (*Id.*). But, because of internal miscommunication about the case, there was a delay, which the holiday season exacerbated. (Doc. 15, #58). That, according to Chase, is the "sole reason" it failed to timely answer Alili's Complaint. (*Id.*).

The Court has received all briefing on Alili's Motion for Default Judgment (Doc. 8), as well as Chase's Amended Motion for Leave to File Answer Instanter (Doc. 10),

3

and its Motion to Set Aside Default (Doc. 15). (*See* Docs. 13, 16, 17, 18, 20).[4] So each motion is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the default judgment process and states that a "court may set aside an entry of default for good cause." To determine whether there is good cause, a court assesses "'whether (1) the default was willful, (2) a set-aside would prejudice [the] plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). As for the final element, a defendant is not required to demonstrate that it is likely to succeed on the merits. "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter*, 705 F.2d at 845 (citation omitted). And on the willfulness element, "'it is not absolutely necessary that the neglect or oversight offered as a reason for the delay in filing a responsive pleading be excusable.' Instead, … the 'defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 536 (6th Cir. 2009) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Moreover, as a general matter, the scale tips heavily in favor of setting aside the default. Indeed, "[a]ny doubt should be

---

[4] It does not appear that Alili filed a reply in support of his Motion for Default Judgment (Doc. 8). But the time to do so has passed. And in light of the Court's disposition on Chase's Motion to Set Aside Default (Doc. 15), that reply would not impact the outcome here.

resolved in favor of the petition to set aside the [default] so that cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846 (citations omitted); *see Shepard*, 796 F.2d at 193–94.

Chase's Amended Motion to File Answer Instanter (Doc. 10) is governed by Federal Rule of Civil Procedure 6(b)(1)(B), and it generally turns on whether the delayed party can show "excusable neglect" under a five-factor test. *See, e.g.*, *Pullen v. Tabor*, No. 1:20-cv-50, 2022 WL 3593696, at *1–2 (S.D. Ohio Aug. 23, 2022). But in this case, the Court concludes that the answer to the Rule 55 question controls the answer to the Rule 6 question. *See infra* Law & Analysis.

## LAW AND ANALYSIS

This Opinion addresses three motions: Alili's Motion for Default Judgment (Doc. 8), Chase's Amended Motion to File Answer Instanter (Doc. 10), and Chase's Motion to Set Aside Default (Doc. 15). But the Court begins and ends its analysis with Chase's motions. Specifically, the Court determines that the proper course is to set aside the default and to permit Chase to file its answer. And that in turn means that Alili is not entitled to default judgment.

Start with Chase's Motion to Set Aside Default (Doc. 15). Alili offers no argument that directly addresses any of the three set-aside factors. (*See* Doc. 17). Rather, he contends that Chase, a "corporate behemoth" with a large, learned legal staff, should have had the wherewithal to take note of the suit and request an extension. (*Id.* at #85). Perhaps, but that is not the question here. Instead, the question is whether (1) Chase's conduct was willful, (2) a set-aside would prejudice

Alili, and (3) Chase has a meritorious defense. *Childress*, 663 F.3d at 838–39. On the first of those, the Court deems Chase's explanation satisfactory. The delay was caused by a good-faith internal mistake coupled with the onset of the holiday season, not willful misconduct from Chase. (Doc. 15, #58–60). Turning to the second prong, Chase moved to file its answer just under two weeks after the answer deadline, so Alili cannot seriously claim that a set-aside would prejudice him. (Doc. 9; Doc. 10). And Chase has a meritorious legal defense—namely, that all of Alili's claims fail as a matter of law. (*See* Doc. 15, #60–66). And again, Chase need not show a likelihood of success on the merits here; it need only assert a defense that is "good at law." *Childress*, 663 F.3d at 843 (citation omitted). That standard is met if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quotation omitted). Because Chase identifies several reasons that Alili's claims are likely to fail as a matter of law, Chase clears the bar here.

The Court therefore **GRANTS** Chase's Motion to Set Aside Default (Doc. 15). For the same reasons, the Court **GRANTS** Chase's Amended Motion to File Answer Instanter (Doc. 10). *See, e.g.*, *Mortland v. Boardman Hosp., LLC*, No. 4:19-cv-1537, 2019 WL 4451367, at *2 (N.D. Ohio Sep. 16, 2019) (granting motion for leave to file answer instanter after setting aside default without further analysis); *Thomas v. Stiltner*, No. 1:13-cv-53, 2014 U.S. Dist. LEXIS 21522, at *12 (S.D. Ohio Feb. 19, 2014) (same), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 96116 (S.D. Ohio

July 15, 2014). Finally, as Chase has now answered, the Court **DENIES** Alili's Motion for Default Judgment (Doc. 8).

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Chase's Motion to Set Aside Default (Doc. 15), **GRANTS** Chase's Amended Motion to File Answer Instanter, and **DENIES** Alili's Motion for Default Judgment (Doc. 8). Chase shall promptly file its answer on the docket as a separate entry.

**SO ORDERED.**

April 10, 2026
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

7